IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **KEVIN CANNADY,** | ) | Civil Action No. 7:12-cv-00111 |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **GENE M. JOHNSON, et al.,** | ) | By:   Hon. Michael F. Urbanski |
|     **Defendants.** | ) |        United States District Judge |

Kevin Cannady, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Gene Johnson, former Director of the Virginia Department of Corrections ("VDOC"); John M. Jabe, Deputy Director of VDOC Operations; John S. Garman, a VDOC Regional Director; Dr. Wang, a head medical officer; and six John Doe correctional officers. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing the record, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his complaint. On April 13, 2010, plaintiff was riding in a VDOC bus in an inmate-transportation convoy on the interstate. The bus plaintiff was riding broke down, and plaintiff was transferred to another bus. This bus was already filled to capacity, so plaintiff was forced to stand in the aisle with other inmates while wearing leg shackles, a belly chain, and handcuffs.

The John Doe defendant who was driving the bus "made a high[-]speed turn" to exit the interstate. The force of the turn catapulted plaintiff's head against a side window, and he fell to the floor. Plaintiff believes that the bus driver, Gene Johnson, John Jabe, and the "Gun Guard"

defendant "put [plaintiff]" in a situation that caused [him] to be injured. . . ." (Compl. 4.) Plaintiff sustained "a head injury/concussion, loss of balance and coordination, [and] blurred vision with a headache." (Compl. 5.)

Defendants John Garman and Major John Doe gave plaintiff two aspirins when plaintiff arrived at Cold Springs Correctional Center. Plaintiff received only Tylenol when he arrived at the Green Rock Correctional Center; plaintiff also requested an EKG but received Naproxen instead.[1] Plaintiff believes that "this treatment was blatantly inappropriate to the symptoms related to head trauma." As a result, plaintiff experiences headaches, sore muscles when waking up, imbalance, and short-term memory loss.

Plaintiff argues that all defendants violated the Eighth Amendment's prohibition of cruel and unusual punishment by making plaintiff stand on the bus for two hours while shackled and depriving him of medical care to prevent "physical torture." Plaintiff requests as relief $200,000 against each defendant and $50,000 from all defendants jointly and severally.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing

---

[1] Plaintiff does not describe who provided the treatments or when someone denied his EKG request.

that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id.  Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009).  Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions.  Id.  Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint.  See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  The Eighth Amendment prohibits the infliction of cruel and unusual punishment.  U.S. Const. amend. VIII.  An Eighth Amendment claim requires an objectively serious deprivation of a basic human need and a defendant's deliberate indifference to that serious deprivation.  Wilson v.

Seiter, 501 U.S. 294, 297-98 (1991).  A serious deprivation of a basic human need could be preventing medical treatment for a serious medical condition or some other "civilized measure of life's necessities."  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  Compare Estelle v. Gamble, 429 U.S. 97, 104 (1976) (holding that an Eighth Amendment medical claim requires a defendant to be deliberately indifferent to a serious medical need), with Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993) (holding that an Eighth Amendment conditions of confinement claim requires a defendant to be deliberately indifferent to a prisoner experiencing, or being exposed to a substantial risk of, a serious physical or emotional injury from the conditions of confinement).  A plaintiff must establish a defendant's deliberate indifference to the alleged deprivation, regardless of the type of deprivation.

Plaintiff fails to establish that any defendant violated the Eighth Amendment because he does not describe any defendant's deliberate indifference, whether to plaintiff's allegedly inadequate medical treatment or the conditions of confinement on the bus.[2]  Deliberate indifference requires that a prison official actually knew of and disregarded an objectively serious medical need, condition of confinement, or risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997).  However, plaintiff does not explain how any defendant actually recognized the facts to form an inference of serious harm about plaintiff's "head injury" or that the injury would occur by having plaintiff stand in a bus.  Plaintiff also does not explain how any defendant actually knew the bus driver would turn the

---

[2] Plaintiff does not allege any fact or claim against defendants John Doe, Regional Director Assistant; John Doe, Transportation Officer; John Doe, Task Force Transportation; and Dr. Wang, Head Medical Officer.

bus too abruptly and cause plaintiff to hit his head on a window or that plaintiff sustained a concussion and needed extensive medical treatment. Regardless, plaintiff acknowledges that he received aspirin, Tylenol, and naproxen for his injuries, and plaintiff's description of the bus driver negligently turning the bus too abruptly does not state a § 1983 claim. See, e.g., id. at 835-36, 844 (recognizing negligence does not implicate an Eighth Amendment right and that prison officials would not be liable if they responded reasonably to prevent a risk of harm, even if the risk of harm was ultimately not averted). Plaintiff also presently fails to describe how not having his own bus seat is a basic human need or how his alleged concussion and symptoms constitute a serious medical need. See Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986) (describing a serious medical condition as when an inmate is at a substantial risk of serious harm, such as loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain).

### III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: March 15, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge